UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

DEREK MORTLAND, Individually,

    Plaintiff,

vs.

SITARAM INVESTMENT, INC., a Florida Corporation,

    Defendants.

Case No.:

_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, DEREK MORTLAND, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, SITARAM INVESTMENT, INC., a Florida Corporation (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Derek Mortland, is an individual residing in Columbus, OH, in the County of Franklin.

2. Defendant's property is located at 6525 US 27 North, Sebring, FL 33870, in the County of Highland.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and

§ 2202.

5. Plaintiff, Derek Mortland is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Mortland is paralyzed as a result of a spinal cord injury, and relies on a wheelchair to ambulate. The Plaintiff has personally encountered architectural barriers at the subject property, which barriers are enumerated herein.

6. Plaintiff, Derek Mortland, frequently travels throughout the country in conjunction with his hobby of driving motorsport automobiles. He is a member of the National Auto Sports Association. Mr. Mortland stayed at the subject hotel on January 24, 2020, in conjunction with attending the Motorsports Safety Foundation instruction certification at Sebring International Raceway as part of a Chin Track Days Event. The Sebring International Raceway is located at 113 Midway Drive, Sebring, FL 33870.

7. Mr. Mortland successfully obtained at the event his certification as an instructor.

8. Mr. Mortland intends to return to the Sebring International Raceway on a regular basis to instruct. He has definite plans to return to the Raceway on October 3 and 4, 2020.

9. Mr. Mortland definitely intends to return to the subject hotel in the near future, when the hotel is accessible for his use.

10. Defendant, SITARAM INVESTMENT, INC. owns, leases, leases to (or operates) a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is located at 6525 US 27 North, Sebring, FL 33870.

11. Derek Mortland has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this complaint.

Mr. Mortland has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Derek Mortland desires to visit the subject property Quality Inn & Suites not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the subject hotel, Quality Inn & Suites has shown that violations exist. These violations, which were personally encountered or observed by Plaintiff Derek Mortland include, but are not limited to:

## **Main Entry**

a) The plaintiff had difficulty accessing the main entrance's lobby because there is not a compliant accessible route, in violation of section 206.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

b) The passenger loading zone at the main entrance does not provide a marked access aisle adjacent to the vehicular pull-up space as required, in violation of section 503.3 in the 2010 ADA Standards, whose resolution is readily achievable.

c) The plaintiff had a difficult time identifying the accessible parking stalls due to the striping and markings being faded and dilapidated, in violation of section 502.3.3 in the 2010 ADA Standards, whose resolution is readily achievable.

d) The plaintiff had difficulty identifying some accessible parking stalls due to the signs not being mounted at least 60 inches from the ground to the bottom of the sign as required, in violation of section 502.6 in the 2010 ADA Standards, whose resolution is readily achievable.

e) The plaintiff had difficulty utilizing the accessible parking stalls due to the access aisle missing, in violation of section 502.3 in the 2010 ADA Standards, whose resolution is readily achievable.

f) The plaintiff had difficulty utilizing the accessible parking stall due to the access aisle missing and not connecting to an accessible route, in violation of section 206.2.1 and 502.7 in the 2010 ADA Standards, whose resolution is readily achievable.

g) The plaintiff had difficulty traversing the accessible parking stalls at the end of the parking row due to the location of the curb ramp projecting into the accessible parking stall, in violation of section 406.5 in the 2010 ADA Standards, whose resolution is readily achievable.

h) The plaintiff had difficulty exiting his vehicle because these is no access aisle provided at the accessible parking stalls, in violation of section 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

i) The plaintiff had a difficult time identifying the accessible parking stalls due to the striping and markings being faded and dilapidated, in violation of section 502.3.3 in the 2010 ADA Standards, whose resolution is readily achievable.

### **Common Area / Lobby**

j) The plaintiff had difficulty utilizing the service counter due to the height of the counter being greater than the maximum allowance of 36 inches above the finished floor, in violation of sections 904.4.1 and 904.4.2 in the 2010 ADA Standards, whose resolution is readily achievable.

k) The plaintiff had difficulty utilizing the credit card due to the height of the reader being greater than the maximum allowance of 48 inches above the finished floor, in violation of section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

l) The plaintiff had difficulty utilizing the tables in the dining area due to the tables not providing knee and toe clearance as required, in violation of sections 306.2.1 and 306.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

m) The plaintiff had difficulty utilizing the juice dispenser due to the height of the operable mechanism being greater than 48 inches above the finished floor, in violation of section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

n) The plainitff had difficulty utilizing the juice dispenser due to not providing compliant clear floor space for an approach to the dispenser as required, in violation of section 305.5 in the 2010 ADA Standards, whose resolution is readily achievale.

o) The plaintiff had difficulty utilizing the drinking fountain due to the spout height of the drinking fountain exceeding the maximum allowance of 36 inches and not having two drinking fountains as required, in violation of section 211.2 and 602.4 in the 2010 ADA Standards, whose resolution is readily achievable.

## Lobby Men's Restroom

p) The plaintiff had to use caution when utilzing the lavatory due to the drain pipe and water lines being exposed, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

q) The plaintiff had difficulty utilizing the lavatory due to the apron of the lavatory being too low and not providing knee clearance as required, in violation of section 306.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

r) The plaintiff had difficulty utilizing the stall door to the accesible stall due to a door closer not being provided, in violation of sections 404.2.8.1 and 604.8.1.2 in the 2010 ADA Standards, whose resolution is readily achievable.

s) The plaintiff had difficulty utilizing the accessible stall in the restroom due to the stall not providing compliant floor clearance around the water closet as required, in violation of section 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

t) The plaintiff had difficulty utilizing the rear wall grab bar due to the grab bar not being at least 36 inches long and not extend 12 inches minimum on one side and 24 inches minimum on the other side from the centerline of the water closet as required, in violation of section 604.5.2 in the 2010 ADA Standards, whose resolution is readily achievable.

u) The plaintiff had difficulty utilizing the rear wall grab bar due to the grab bar being mounted higher than the maximum allowance of 36 inches above the finished floor to the top of the gripping surface, in violation of section 609.4 in the 2010 ADA Standards, whose resolution is readily achievable.

## Pool Area

v) The plaintiff is unable to utilize the pool due to a pool lift not being provided, in violation of section 1009.2 in the 2010 ADA Standards, whose resolution is readily achievable.

w) The pool gate latch requires grasping and pinching to operate making it difficult for the plaintiff to open, in violation of section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## Guestroom 147

x) The plaintiff had difficulty traversing the accessible parking stall at the end of the parking row by Room 147 due to the location of the curb ramp projecting into the accessible parking stall, in violation of section 406.5 in the 2010 ADA Standards, whose resolution is readily achievable.

y) The plaintiff had difficulty exiting his vehicle because these is no access aisle provided at the accessible parking stalls nearest Room 147, in violation of section 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

z) The plaintiff had a difficult time identifying the accessible parking stalls due to the striping and markings being faded and dilapidated, in violation of section 502.3.3 in the 2010 ADA Standards, whose resolution is readily achievable.

aa) The plaintiff had difficulty identifying the accessible parking stalls due to the missing required signs not being mounted at least 60 inches from the ground to the bottom of the sign as required, in violation of section 502.6 in the 2010 ADA Standards, whose resolution is readily achievable.

bb) The plaintiff had difficulty accessing his room because the nearest accessible parking spaces are not on the shortest accessible route to the room entry door, in violation of section 208.3.1 and 502.7 of the 2010 ADA Standards, whose resolution is readily achievable.

cc) The plaintiff had difficulty accessing Room 147 because there is not a compliant accessible route from the nearest accessible parking, in violation of section 206.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

dd) The plaintiff had difficulty traversing the walkway due to the cross slope exceeding 2.1%, in violation of section 403.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ee) The plaintiff is unable to utilize the fire extinguisher by Room 147 due to the mounted height exceeding the maximum height allowance of 48 inches, in violation of section 308.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ff) The plaintiff had difficulty traversing into the guestroom due to the door threshold exceeding the maximum vertical change in level of ½ inch, in violation of section 404.2.5 in the 2010 ADA Standards, whose resolution is readily achievable.

gg) The plainitiff had difficulty utilizing the thermostat on the A/C unit due to the table obstructing the clear floor space for an approach to it, in violation of section 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

hh) The plaintiff had difficulty utilizing the table due to the table not providing knee and toe clearance as required, in violation of sections 306.2.1 and 306.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

ii) The plaintiff had difficulty transitioning to the bed due to the required clear floor space of 30 inches is not provided, in violation of section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

jj) The plaintiff had difficulty utilizing the light switch due to the light switch exceeding the maximum hieght allowance of 48 inches from the finished floor to the operable mechanism, in violation of section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

kk) The plaintiff had difficulty utilizing the security chain lock due to the security chain exceeding the maximum height allowance of 48 inches above the fiished floor to the

operable mechanism, in violation of section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

ll) The plaintiff had diddiculty utilizing the lock to the pass through door due to it requiring tight grasping and twisting of the wrist to operate, in violation of section 309.4 in the 2010 ADA Stadards, whose resolution is readily achievable.

mm) The plainitiff had difficulty utilizing the security lock to the pass through door due to the lock exceeding the maximum height allowance of 48 inches above the finished floor to the operable part, in violation of section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

nn) The plaintiff had difficulty utilizing the pass through door due to the door knob requiring tight grasping and twisting of the wrist to operate, in violation of section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

oo) The plaintiff has a history of leg burns from lavatories amd had to use extreme caution when utilzing the lavatory in the guestroom due to the drain pipe and water lines being exposed, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

pp) The plaintiff had difficulty utilizing the iron due to the height exceeding 48 inches above the finished floor to the operable mechanism, in violation of section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

qq) The plaintiff had difficulty utilizing the closet shelf and hangers due to the height exceeding 48 inches above the finished floor, in violation of section 811.3 in the 2010 ADA Standards, whose resolution is readily achievable.

rr) The plainitiff had difficulty utilizing the bathroom door due to not having compliant clear floor space perpendicular to the doorway as required, in violation of section 404.2.4.1 in the 2010 ADA Standards, whose resolution is readily achievable.

ss) The plaintiff has a history of leg burns from lavatories amd had to use extreme caution when utilzing the second lavatory in the guestroom due to the drain pipe and water lines being exposed, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

tt) The plaintiff had difficulty utilizing the hair dryer due to the hair dryer exceeding the maximum height of 48 inches to the operable mechansim, in violation of section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

uu) The plaintiff had a difficulty utilizing the towel rack due to the toilet obstructing the clear floor space for a forward or parallel approach, in violation of section 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

vv) The plaintiff had difficulty utilizing the rear wall grab bar due to the grab bar not being at least 36 inches long and not extend 12 inches minimum on one side and 24 inches

minimum on the other side from the centerline of the water closet as required, in violation of section 604.5.2 in the 2010 ADA Standards, whose resolution is readily achievable.

ww) The plainitff had difficulty utilizing the water closet due to not having at least 60 inches of clearance from the side wall to the lavtory, in violation of section 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

xx) The plaintiff had difficulty utilizing the lavatory due to the apron of the lavatory being too low and not providing knee clearance as required, in violation of section 306.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

yy) The plaintiff had difficulty utilizing the lavatory due to the lavatory not providing compliant clear floor space due to the lavatory angled supports on each side, in violation of sections 305.3 and 305.7 in the 2010 ADA Standards, whose resolution is readily achievable.

zz) The plaintiff had difficulty operating accessing the bathtub due to the clear floor space not extending the full length of the bathtub as required, in violation of section 607.2 in the 2010 ADA Standards, whose resolution is readily achievable.

aaa) The plaintiff had difficulty operating the baathtub control due to the control not being between the centline width of the bathtub and the open side of the bathtub as required, in violation of section 607.5 in the 2010 ADA Standards, whose resolution is readily achievable.

bbb) The plaintiff had difficulty showering due to the bathtub not providing a handheld shower spray unit with an on/off control as required, in violation of section 607.6 in the 2010 ADA Standards, whose resolution is reeadily achievable.

ccc) The plaintiff had difficulty utilizing the bathtub due to the grab bars on the walls not being installed as required, in violations of sections 607.4.2.1, 607.4.2.2, and 607.4.2.3 in the 2010 ADA Standards, whose resolution is readily achievable.

ddd) The plaintiff had difficulty utilizing the removeable in-tub seat due to the size of the in-tub seat not being 15 inches minimum and 16 inches maximum as required, in violation of section 610.2 in the 2010 ADA Standards, whose resolution is readily achievable.

eee) The plaintiff had difficulty utilizing the bathtub due to the removable in tub seat not being capable of secure placement as required, in violation of section 607.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Maintenance**

fff) The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

### Number and Dispersement of Rooms

ggg) The subject hotel lacks the required number of compliant disabled rooms and the compliant disabled rooms are not dispersed amongst the various classes of guest rooms in violation of Section 224.5 of the 2010 ADAAG.

14. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual, Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendants ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

19. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have

been met by Plaintiff or waived by the Defendants.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the hotel located at 6525 US 27 North, Sebring, FL 33870 to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act, including an Order compelling the

Defendant to maintain the facilities accessible features on an ongoing basis.

Respectfully Submitted,

/s/ John P. Fuller

John P. Fuller, Esq., FL Bar No. 276847
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
Email: jpf@fullerfuller.com

Counsel for Plaintiff, Derek Mortland